Ingraham, J.
Summary proceedings for the recovery of the possession of real property in the city of Eew York are regulated by the Code of Civil Procedure. By sections 2239 *90 and 2265, inclusive, the proceedings statutory must be strictly followed to give the court jurisdiction.
In Chadwick agt. Bray (1st Code of Civil Pro. R., 425) it is held that if the justice goes beyond his jurisdiction, either in taking cognizance of the proceeding or while he is acting in it, the court may restrain, and if it appears that the justice who granted the warrant, the execution of which is sought to be restrained, was without jurisdiction, the injunction should be continued.
Section 2243 provides that at the time the precept is returnable the petitioner must, unless the adverse party appears, make due proof of the service of the precept. In this case the adverse party appeared, but for the purpose of objecting to the service, and the court proceeded to take proof of the service of the precept.
Section 2249 provides when a final order awarding the petitioner the possession of the property shall be granted.
First, If sufficient cause is not shown upon the return of the precept, and
Second. Where there is a verdict of the jury, or a decision of the justice upon the trial in favor of the petitioner.
In this case no answer was interposed and there was no trial before the magistrate. It was the duty, therefore, of the justice present when the precept was returnable, if sufficient cause was not there shown, to have made the order awarding the petitioner the possession of the property. Such an order was not made, however, and an adjournment was taken for the purpose of decision. This adjournment was not taken at the request of the plaintiff, nor with his express consent. He insisted at the time that the proceeding should be dismissed.
It has been decided by the general term of this court, that where there is no provision of the statute authorizing an adjournment and an indefinite adjournment or postponement is taken for deliberation and decision, that the proceedings are discontinued and the justice or the court loses jurisdiction. *91 (Boller agt. Mayor, etc., 40 N. Y. Supr. Ct. Repts., 537.) The only provision for the adjournment of these proceedings is contained in section 2248 of the Code, which provides that at the time when issue is joined, the judge or justice may in his discretion, at the request of either party and upon proof to his satisfaction by affidavit or orally, that an adjournment is necessary to enable the applicant to procure his necessary witnesses, or by consent of all the parties who appear, adjourn the trial of the issue.
This section would not authorize the adjournment in the case at bar. There no answer was interposed. There was no issue joined, and there could be therefore no necessity for an adjournment to procure witnesses.
In Boller agt. Mayor (supra) it was held that by expressly-authorizing an adjournment for a specific purpose, and on a specific condition the statute impliedly prohibited all adjournments except such as are expressly authorized, and that by an unauthorized adjournment the magistrate before whom the proceedings were pending exceeded his jurisdiction, and his future proceedings are void. The adjournment in this case, therefore, under this authority worked a discontinuance of the proceedings, or at any rate a justice, other than one before whom the precept was returnable, had no jurisdiction to issue the warrant. The warrant issued, therefore, was void.
I think, however, the security given by the plaintiff is insufficient, and the plaintiff should give an undertaking in the sum of $2,500, that he pay all damage sustained by the defendant in case it should finally appear that he was not entitled to an injunction. On giving such a bond the injunction is continued, plaintiff to have ten dollars costs of this motion to abide the event.